UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shane Martin Cole Scott, | ) C/A No. 6:09-1533-TLW-WMC |
| Plaintiff, | ) |
| vs. | ) |
| Aiken County Detention Center;<br>Aiken County Detention Center Medical Staffing, | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Shane Martin Cole Scott (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Aiken County Detention Center (ACDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the ACDC and ACDC Medical Staffing as the Defendants.[2] Plaintiff, who seeks monetary damages and injunctive relief, accuses the Defendants of "medical neglect."[3] (Plaintiff's complaint, page 2). The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] It is noted that Plaintiff's service documents for Defendant Aiken County Detention Center Medical Staff list the name "Southern Health Partners" on both the summons and Form USM-285. However, as Southern Health Partners does not appear anywhere in the Plaintiff's complaint, this entity has not been listed as a defendant on the Court's docket.

[3] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary

2

dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Background**

Plaintiff states that he was injured by another detainee at the ACDC on December 24, 2008. Shortly after the altercation, Plaintiff was seen by a nurse, who made a report of the incident. Plaintiff states he awoke the next day in pain and was taken to the Aiken Regional Medical Center, where a doctor took x-rays of Plaintiff's injuries. Plaintiff was diagnosed with "fluid on the bone" and a hematoma. Plaintiff states he was informed that "[he] needed to go to an orthopedic." (Plaintiff's complaint, page 3). On January 8, 2009, Plaintiff was seen by a nurse and doctor at the ACDC. Plaintiff states the doctor indicated that Plaintiff's shoulder was dislocated and Plaintiff needed an appointment with an orthopedic doctor. Plaintiff medication was increased on that date. Plaintiff states he spent approximately the next three months wearing a sling. (Plaintiff's complaint, page 4).

Plaintiff indicates that he was taken to Carolina Musculoskeletal Institute on March 24, 2009. Plaintiff was examined by an orthopedic surgeon, who told Plaintiff that he would need surgery. Plaintiff has been scheduled for further testing on June 24, 2009, to determine the extent of possible nerve damage. Plaintiff states he suffers from

numbness, pain, and a pinched feeling in his shoulder. Plaintiff states "my shoulder is now messed up for life because it took medical so long to get me to an orthopedic." (Plaintiff's complaint, page 4). Plaintiff seeks monetary damages and injunctive relief for the Defendants' "neglect." (Plaintiff's complaint, page 5).

## Discussion

Plaintiff claims that the Defendants have been negligent in their provision of medical services. Liberally construed, Plaintiff may also be alleging a claim of deliberate indifference to a serious medical need. However, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As an initial matter, the Defendants named in the instant complaint are not amenable to suit under 42 U.S.C. § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp.

4

1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).   As the Defendants in Plaintiff's complaint are comprised of a detention center and the detention center's medical staff, this action is subject to summary dismissal.

However, even had Plaintiff named a defendant amenable to suit under § 1983, this case would still be recommended for dismissal.  With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In *Estelle v. Gamble*, the Supreme Court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105.  Further, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that the Plaintiff received medical attention from a nurse on the date of his injury and was taken to a local hospital for treatment the next day. Plaintiff received further medical treatment at the SCDC from both an doctor and a nurse

on January 8, 2009.  Plaintiff was taken to an orthopedic doctor on March 24, 2009, and has further testing scheduled for June 24, 2009. Thus, the Plaintiff admits that the Defendants provided medical attention, but complains that such treatment was negligent due to the Defendants delay in taking Plaintiff to the orthopedic surgeon.

Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary.  *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases).  Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice."  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).  In the present action, the Plaintiff clearly received medical attention for his injury.  Thus, the Defendants actions do not rise to the level of deliberate indifference to a serious medical need.

To the extent the Plaintiff claims negligence or incorrect medical treatment, his claims are also subject to dismissal.  The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).  Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983.  *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner").  As Plaintiff's allegations do not rise to the level of deliberate indifference to medical needs, and negligence/medical malpractice are not constitutional violations

under § 1983, the complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe<br>
United States Magistrate Judge

June 18, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).