IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shane Martin Cole Scott, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 6:09-1533-TLW-WMC |
| | ) | |
| Aiken County Detention Center; | ) | |
| Aiken County Detention Center Medical Staffing, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff, Shane Martin Cole Scott ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe to whom this case had previously been assigned. (Doc. #11). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint in this case without prejudice and without issuance of service of process. (Doc. #11). The plaintiff filed objections to the Report. (Doc. #13). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept,

reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends dismissal on two separate grounds. The Magistrate Judge notes that the plaintiff has not named individuals amenable to suit under 42 U.S.C. § 1983 in the complaint. Indeed, the only defendants named in the complaint in this action are the Aiken County Detention Center and the Aiken County Detention Center Medical Staffing. (Doc. #1). As the Magistrate Judge notes in the Report, inanimate objects such as the Aiken County Detention Center do not act under color of state law and are not subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished), Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989), McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 891 (E.D. Va. 1992). In addition, use of the term "staff" as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Martin v. UConn Health Care, 2000 WL 303262 *1 (D. Conn. 2000), Ferguson v. Morgan, 1991 WL 115759 (S.D.N.Y. 1991), Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Although the plaintiff named an individual in his objections to the Report, no amendments to the pleadings have been sought in this case. This Court, as an impartial arbitrator, must rule based on the applicable law. Thus, the complaint in this action is subject to summary dismissal on this basis.

The Report also analyzes the plaintiff's failure to state a claim for deliberate indifference to a serious medical need. As dismissal is based on the analysis set forth above, the Court does not find it necessary to address this ground at this time.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and

2

the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report on the basis set forth herein. (Doc. #11). For the reasons articulated by the Magistrate Judge, as discussed, this action is hereby **DISMISSED without prejudice** for the failure to state a claim against an individual amenable to suit under 42 U.S.C. § 1983.

    **IT IS SO ORDERED**.

                                                        s/Terry L. Wooten
                                                    United States District Judge

October 21, 2009
Florence, South Carolina